AMERICO GIRAUD VALENTIN, ET ALS.
Demandantes-Apelados

v.

ELLIONE GIRAUD DE LA VEGA, ET ALS.
Demandados-Apelados

FUNDACION BENEFICA POSADA DEL ANGEL, INC.
Interventores-Apelantes

Núm. KLAN-95-01273

San Juan, Puerto Rico, a 7 de agosto de 1996

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

La apelante, Fundación Benéfica Posada del Angel, Inc., presentó recurso de apelación para revisar una sentencia del Tribunal de Primera Instancia, Sala Superior de San Juan, la cual declaró que una donación de bienes muebles hecha por el fenecido Sr. Américo Giraud Valentín, a favor de su hijo, Sr. Elione Giraud de la Vega, era válida en derecho, sin perjuicio de las reclamaciones que las partes pudiesen tener en una acción ordinaria de impugnación de testamento. Sostiene la apelante que Giraud Valentín otorgó un testamento desheredando a su hijo y legando parte de sus bienes a ella y a otras personas y entidades. Señala que oportunamente el Sr. Giraud Valentín instó demanda de nulidad de donación y que al fallecer éste, mientras se ventilaba dicha acción, por disposición del Art. 595 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2050, los herederos podían continuar llevando la misma. Esto es, que no procedía la acción ordinaria de impugnación de testamento, sino permitirle a dicha parte proseguir la demanda sobre nulidad y revocación de la donación.

Procedemos a revocar la sentencia del tribunal de instancia en vista de que a tenor con el Art. 595

del Código Civil de Puerto Rico, *supra,* la acción ejercitada por el donante se transfiere a sus herederos, los cuales tienen derecho a seguir con la misma. Se devuelve el caso al tribunal de instancia para que se continúen los procedimientos compatibles con lo aquí resuelto.

## I

Los hechos y eventos procesales pertinentes a esta apelación no están en controversia.

El Sr. Américo Giraud Valentín y su esposa, Sra. Hilda Cestero Más, presentaron el 28 de septiembre de 1992 una demanda ante el Tribunal de Primera Instancia, Sala Superior de San Juan, contra el hijo del primero, Sr. Elione Giraud de la Vega, la esposa de éste, Sra. Carmen Ramos de Giraud, y la firma Merrill Lynch, Pierce, Fenner and Smith (Merrill Lynch). En síntesis, en dicha demanda alegaron lo siguiente:

Que el día 17 de junio de 1992 el Sr. Giraud Valentín donó a su hijo, Sr. Ellionne Giraud de la Vega, la suma de ciento ochenta mil dólares ($180,000), que estaban depositados en una cuenta con Merrill Lynch;

Que dicha donación se hizo bajo argucias, tretas y artimañas del Sr. Giraud de la Vega, quien convenció a su padre para que efectuara la misma;

Que luego de haber logrado su propósito sobre la donación, el Sr. Giraud de la Vega comenzó a maltratar a su padre con vejámenes, insultos, lo que culminó en una agresión física grave;

Que la donación efectuada era nula e ineficaz por haberse concedido bajo tretas y artimañas. Además, que procedía su revocación por ingratitud, fundado en lo dispuesto en el Art. 590 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2045;

Que la donación incluia bienes gananciales, sin el consentimiento de la co-demandante Sra. Hilda Cestero Más, por lo que ésta era contraria a lo dispuesto en los Arts. 578 y 1313 del Código Civil de Puerto Rico, 32 L.P.R.A. secs. 2023 y 3672; y

Que el Sr. Giraud Valentín solicitó a Merrill Lynch que dejase sin efecto la donación y traspaso del dinero a favor de su hijo, a lo cual se negó dicha parte, aduciendo que sólo podía acceder a lo solicitado si el tribunal así lo disponía.

Mientras se ventilaba la demanda presentada, el Sr. Giraud Valentín otorgó un testamento el 5 de marzo de 1993 desheredando a su hijo, Giraud de la Vega, y designando como sus herederos a su esposa y otras personas, entre las cuales está la apelante.

El Sr. Giraud Valentín falleció ▮ antes de que se resolviera la demanda instada por él y su esposa. Luego de su fallecimiento, el apelante presentó una solicitud de intervención, el 1ro. de octubre de 1994, fundamentada en que por ser una legataria de acuerdo al testamento otorgado por el causante Giraud Valentín tenía derecho a participar en los procedimientos judiciales según lo dispuesto en la Regla 21.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap III R 21.1. El tribunal de instancia permitió dicha intervención.

Así las cosas, y luego de varios incidentes procesales la Sra. Cestero Más solicitó la liquidación de la parte ganancial que le correspondía de los dineros donados. Merrill Lynch entonces pagó a la viuda la suma $101,299.15 y consignó en el tribunal los restantes $79,590.85 para beneficio de las demás partes en el pleito. No existiendo controversia en cuanto a Merrill Lynch y en virtud de una solicitud de desestimación de ésta el tribunal recurrido dictó sentencia parcial el 20 de enero de 1994 desestimando la reclamación sobre dicha parte.

El demandado Sr. Giraud de la Vega también presentó otra moción de desestimación alegando ser el único y universal heredero de su padre y que la causa de acción de la Sra. Cestero Más se había extinguido al liquidarse su parte ganancial y que procedía la desestimación de la demanda en su totalidad. Ante el tribunal se presentó una estipulación suscrita por las representaciones legales de la Sra. Cestero Más y el Sr. Giraud de la Vega en la cual se acepta que la primera no había dado su

consentimiento a la donación y que se transigió la reclamación de ella a base de la cantidad de $101,299.15 que le fuera entregada por Merrill Lynch. En la estipulación las partes indicaron que la misma era exclusiva y a los únicos efectos de determinar la validez de la donación al momento de realizarse y no sobre los hechos que motivan la desheredación y/o revocación posterior de la donación.

Atendidos los planteamientos de las partes, así como una oposición de la apelante a que se desestimara la acción en su totalidad, el 18 de octubre de 1995 el tribunal recurrido dispuso como sigue:

## "CONCLUSIONES DE DERECHO

*En virtud de las secciones 1981, 1988, 2007 y 2009, la donación de bienes muebles hecha en el caso de epígrafe es una válida en derecho.*

*La Jurispudencia que interpreta el Artículo 1313, 31 L.P.R.A. sec. 3672, ha establecido de forma diáfana que la donación de bienes muebles en que concurre uno de los cónyuges es meramente anulable.*

*A tenor con lo antes expresado, se dicta la siguiente:*

### SENTENCIA

*A tenor con la estipulación sometida por las partes, la transacción que se llevó a cabo; y las disposiciones de los Artículos 1230, 1709, 1714 y 1715 del Código Civil (31 L.P.R.A. 3451, 4821, 4820) y de lo resuelto en el caso de Citibank v. Dependable Insurance Co., 121 D.P.R. 503 (1988), se dicta sentencia declarando la donación intervarios [sic] valida, sin perjuicio de las reclamaciones que las partes puedan tener en una acción ordinaria de impugnación de testamento."*

No conforme con dicha sentencia, la apelante recurre ante nos señalando que el tribunal erró al concluir que la donación era válida por ser meramente anulable y al desestimar la demanda sin atender y resolver, previa vista, la controversia sobre la nulidad y revocación de la donación.

## II
En el primer señalamiento de error aduce la apelante que el tribunal incidió al considerar que la donación era meramente anulable y que al efectuarse una transacción entre el demandado Sr. Giraud de la Vega y la demandante Sra. Hilda Cestero Más quedaba resuelto el pleito en su totalidad sobre la controversia respecto a la nulidad de la donación. Si bien es cierto que la transacción resolvía el aspecto de que se habían donado bienes de la sociedad de bienes gananciales, sin el consentimiento de uno de sus componentes, ello no resolvía los otros planteamientos presentados en la demanda. El hecho de que la donación pudiese ser anulable y que se hubiese resuelto la impugnación de ésta por haberse efectuado sin la autorización de uno de los miembros de la Sociedad de Bienes Gananciales, no resolvía las otras controversias planteadas en el caso. Aún quedaba por dilucidarse si la misma se hizo bajo treta y engaño y si procedía la revocación por ingratitud contemplada en el Art. 590 del Código Civil, *supra*.

Cabe señalar que el tribunal de instancia no le dió oportunidad a la parte apelante para continuar con la acción legal instada y así tener su día en corte a los fines de probar las alegaciones contenidas en ésta sobre la nulidad de la donación por las razones de que fue otorgada mediante treta y engaño, y si procedía la revocación por ingratitud. A la apelante, por ser una parte con legítimo interés en la controversia, le asistía el derecho de continuar con aquellas reclamaciones que tenía del impacto directo sobre los bienes que le fueron legados en el testamento por el causante, Sr. Giraud Valentín.

Aduce la parte apelada que por ser la donación intervivos en este caso, hecha sin condición y por mera liberalidad, la misma es irrevocable. Para sostener su posición cita el caso de *Lage v. Central Fed. Savings,* 108 D.P.R 72 (1978), donde el Tribunal Supremo recoge dicha norma, distinguiendo las donaciones intervivos y las *mortis causa.*

En Manresa, Comentarios al Código Civil Español, 7ma ed., Madrid, Reus, S.A., 1972, Tomo V, pág. 236, se señala lo siguiente:

*"Las donaciones son irrevocables; pero como se ha hecho notar en el comentario del artículo 618, la irrevocabilidad significa que el donante por sola voluntad no puede deshacer o dejar sin efecto la donación, siendo éste el carácter distintivo entre las donaciones que producen sus efectos en vida del donante y aquellas que los producen por muerte del mismo.*

*Mas a esa irrevocabilidad no se opone el que la donación quede sin efecto mediante causas especiales y determinadas. La donación ya perfecta, como dice Chironi, puede anularse a consecuencia de un hecho que dependa de la voluntad de las partes o de la disposición de la ley. En el primer caso, se trata de la resolución; en el segundo, de la revocación de las donaciones."*

Si la donación en este caso fue obtenida mediante treta y engaño, como se alega en la demanda, ésta puede ser objeto de anulación por un dictamen judicial. La irrevocabilidad no entra en juego bajo esta situación pues unilateralmente no se está dejando sin efecto la donación, sino que se está recurriendo a la autoridad legal, que son los tribunales de justicia, para determinar si fue un acto de mera liberalidad o si media engaño o treta, como se alegaba. El Art. 563 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1986, dispone que las donaciones que hayan de producir sus efectos entre vivos, se regirán por las disposiciones generales de los contratos y obligaciones en todo lo que no esté dispuesto en la parte referente a éstas del Código Civil. En vista de que en la Parte III del Código Civil referente a las donaciones no se dispone específicamente sobre el consentimiento y cuando el mismo es viciado, hay que acudir a las disposiciones referentes a obligaciones y contratos, particularmente los Arts. 1217 y 1221 del Código Civil, 32 L.P.R.A. sec. 3404 y 3408, que establecen que será nulo el consentimiento cuando, entre otros, medie dolo.

Según el Art. 1221 del Código Civil, *supra*, hay dolo cuando por palabras o maquinaciones insidiosas de los contratantes se induce a una persona a celebrar un contrato que, sin ellas no lo hubiese celebrado.

Erró el tribunal de instancia al desestimar la acción judicial en este caso en su totalidad, sin pasar juicio sobre las alegaciones que tratan de la nulidad de la donación por haberse efectuado mediante treta y engaño.

## III

En el segundo error señala la apelante que el tribunal desestimó la demanda sin atender y resolver, previa vista, la controversia sobre la revocación de la donación por ingratitud.

Al igual que resolvimos en el primer error, no procedía dictar sentencia en contra de la parte apelada sin antes brindársele la oportunidad de establecer la procedencia de la revocación de la donación por la causal de ingratitud.

La apelante tenía derecho a continuar con la acción presentada, ya que ésta le fue transmitida, como uno de los herederos del donante, según el Art. 595 del Código Civil, 31 L.P.R.A. 2050. A esos efectos nos dice Manresa, *supra*, página 226, lo siguiente:

*"Transmisibilidad. El hecho que revela la ingratitud es personalísimo del donatario. La muerte borra todas las ofensas. Por esto, el artículo 653 no consiente que la acción se ejercite contra los herederos del culpable. Sólo permite continuar contra ellos el procedimiento, cuando al tiempo de morir el donatario estuviese ya interpuesta la demanda.*

*La ley no podía mostrarse tan rigurosa con los herederos del donante. Considerar la acción intransmisible en todo caso, hubiera sido absurdo. Si el delito del donatario consiste en el asesinato o el homicidio del donante, en lesiones que ocasionen la muerte, o en hechos que precipitan el fin de su existencia, su acción no puede quedar impune, ni bastaría el castigo de su delito si había de conservar los bienes que le fueron donados. En tales casos pueden los herederos del donante pedir la revocación."*

## IV

Por las consideraciones anteriores, se revoca la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, y se devuelve el caso para que continúen los procedimientos compatibles con lo aquí provisto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

### ESCOLIO 96 DTA 109

**1.** No surge de los autos en apelación la fecha en que falleció el Sr. Giraud Valentín.